# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARGILL, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV81 |
| | ) | |
| V. | ) | |
| | ) | |
| KURT KROEGER, KATHY KROEGER, and H & M FARMS, INC., | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants have moved to strike (filing 92) the supplemental report of Dr. James Schepers ("Dr. Schepers"), Plaintiff's expert witness. Defendants contend that Dr. Schepers' report must be stricken because it significantly alters his previous testimony and serves as an attempt to circumvent the expert witness disclosure rules. For the reasons explained below, Defendants' motion to strike will be denied.

## BACKGROUND

Defendants have asserted a counterclaim in this action alleging that their corn crops were damaged by Plaintiff's application of inappropriate fertilizer products. Plaintiff's expert, Dr. Schepers, a retired soil scientist, opined that the reduced corn yields resulted from excessive rainfall and Defendants' attempts to remedy soil deficiencies. (Filing 94-1.) As part of his analysis, Dr. Schepers reviewed aerial photographs of Defendants' fields and, in doing so, noted patterns of crop damage. Dr. Schepers' initial expert report states:

> The "U-Shaped" turns in the [photograph] show little green vegetation in the path of the sprayer . . . These patterns can only be caused by something that burned the vegetation and are probably accentuated in the U-shaped area when the implement slowed down to turn, but the application rate actually increased because the sprayer control system did not promptly adjust for the change in speed.

(Filing 94-1 at CM/ECF pp. 5-6.) Dr. Schepers concluded in his initial report that "the 'U-shaped' turns on the lower end of the field . . . define the width of the implement involved. The width of this implement was - 72 feet . . ." (*Id*. at CM/ECF p. 5.) Dr. Schepers reaffirmed this conclusion in his deposition on March 7, 2012, testifying that an implement having a width of approximately 72 feet distributed a product that had a negative impact on the growth of the vegetation. (Filing 94-2 at CM/ECF p. 13.)

On March 30, 2012, the day of the discovery deadline, Plaintiff served a supplemental report in which Dr. Schepers modified his previous expert report and deposition testimony by opining that the width of the implement involved was 36 feet, not 72 feet. (Filing 94-3.) Defendants have moved to strike Dr. Schepers' supplemental report and preclude the proposed supplemental testimony, specifically, Dr. Schepers' modified opinion regarding the width of the implement.

## ANALYSIS

A party has a duty to supplement an expert report as to both "information included in the report and . . . information given during the expert's deposition." Fed. R. Civ. P. 26(e). However, the duty to supplement does not provide the opportunity to add information that should have been initially provided under Fed. R. Civ. P. 26(a). Rather, "[s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998).

Defendants maintain that Dr. Schepers' supplemental report goes beyond the scope of supplementation permitted under the Federal Rules of Civil Procedure and serves as an attempt to circumvent the expert witness disclosure rules. Defendants argue that the conclusion that the crop damage was caused by an implement with a 72 -foot wide application path is critical to this case because the only applicator used on the fields with a 70-foot application path was used by Plaintiff. Defendants assert that this fact suggests that Plaintiff caused the crop damage. Plaintiff counters arguing that the supplemental disclosure does not significantly alter Dr. Schepers' testimony, but only corrects a minor math error

from the previous report. Specifically, in the revised report, Dr. Schepers states that "the implement associated with the damaged crop . . . generated an arc with a *diameter* of 72 feet instead of a *radius* of 72 feet. Thus, the implement and field operation that generated the scallops while turning around had a width of 36 feet." ([Filing 94-3](#)) (emphasis added). Plaintiff further asserts that the width of the U-shaped turns and streaks is a measurable fact, not an opinion.

The Court concludes that Dr. Schepers' revised report qualifies as a supplemental disclosure. The revised report corrects an inaccuracy contained in Dr. Schepers' initial report and does not contain radically different testimony. Dr. Schepers has not changed his opinion regarding the cause of the reduced yield. Notably, Dr. Schepers' initial report was approximately 90 pages in length, while the supplemental report only consists of one page. The modification does not so drastically change the opinion so as to unfairly prejudice Defendants. Seemingly, Dr. Schepers' revised measurements could be checked by Defendants' own retained experts.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike Untimely Supplemental Rule 26 Expert Report ([filing 92](#)) is denied.

**DATED June 5, 2012.**

                                                BY THE COURT:

                                                S/ F.A. Gossett
                                                **United States Magistrate Judge**