IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARGILL, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV81 |
| | ) | |
| V. | ) | |
| | ) | |
| KURT KROEGER, KATHY KROEGER, and H & M FARMS, INC., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

The deposition deadline in this case was March 30, 2012. On April 24, 2012, Plaintiff filed a motion for leave to conduct an additional deposition (filing 95). Defendants oppose Plaintiff's motion and have filed a motion for protective order (filing 120). For the reasons explained below, Plaintiff's motion will be granted and Defendants' motion will be denied.

## BACKGROUND

On March 6, 2012, Plaintiff deposed Mark Hinze ("Hinze"), one of Defendants' expert witnesses. During the deposition, Hinze testified that he had observed a study at the University of Nebraska in which plants exhibited toxic symptoms of manganese. Hinze stated that the study was conducted by Laura Dotterer ("Dotterer"), a PhD student. Dotterer had not previously been disclosed to Plaintiff as an individual having knowledge of matters related to this litigation.

Shortly following Hinze's deposition, on March 13, 2012, Plaintiff issued a subpoena duces tecum to the University of Nebraska. The University produced records on March 27 and 28, just two days before the close of discovery, which revealed communications between Hinze and counsel for Defendants, including communications regarding Dotterer.

Plaintiff's counsel contacted Dotterer by telephone on April 3, 2012. (Filing 96-2.) According to Plaintiff's counsel, Dotterer stated that in 2011, she conducted a field trial at

the Mead, Nebraska Agricultural Research and Development Center to determine the toxicity level of manganese in acidic soils. (*Id.*) She explained that, regardless of the rate of application, she could not produce an adverse crop response. (*Id.*) Dotterer stated that she did not possess documents related to the demonstration plot. (*Id.*) Dotterer further informed counsel that Defendant Kurt Kroeger ("Kroeger") and Hinze visited her test plot in the summer of 2011, in association with a crop diagnostic clinic, and that she participated in several discussions with Kroeger regarding the plot and the results. (*Id.*) She further stated that she spoke with Plaintiff's counsel in December of 2011. (*Id.*)

On April 10, 2012, Plaintiff's counsel sent a public records request to the University of Nebraska to obtain information regarding Dotterer's study. Plaintiff's counsel asserts that the documents from the University, which were received on April 20, 2012, revealed that Dotterer was in contact with Kroeger from the outset of her study. However, according to Defendants, Dotterer has never been to Defendants' fields and did not view the 2010 crop. (Filing 122-1.)

## ANALYSIS

Plaintiff maintains that the study conducted by Dotterer involved the hypothesis that Defendants seek to prove in this case, particularly, that varying levels of manganese application to corn may lead to toxicity caused by the presence of excess manganese. Plaintiff maintains that Dotterer's manganese toxicity research and interaction with Defendants' experts is integral to the current litigation and that Plaintiff would be greatly prejudiced if it was not able to depose Dotterer. Defendants oppose the motion, arguing that it had no duty to disclose Dotterer because she is "at best" an informally consulted expert and the identity of non-testifying experts is not discoverable.

At this point, it is unclear whether Dotterer was consulted as an expert of any kind. According to Plaintiff, after Plaintiff learned of Dotterer, and prior to the filing of Plaintiff's motion for leave, Defendants' counsel never advised that Dotterer was consulted as an expert in preparation for trial. Also, when Kroeger continued to contact Dotterer after the initiation of this litigation, Dotterer refused to return Kroeger's telephone calls and John Wiltse of the

University of Nebraska informed Defendants' counsel that Dotterer had been instructed not to discuss matters related to the case with Kroeger. (Filing 96-3.) This certainly is not the relationship one would expect to see when a party has employed or even informally consulted an expert. (*Id.*)

In any event, the Court will allow Plaintiff to depose Dotterer. The question of whether Dotterer was, in fact, consulted as an expert can be sorted out at the deposition. Plaintiff acted diligently in pursuing information regarding Dotterer following her disclosure and in seeking leave to take her deposition. Further, Defendants will not be unduly prejudiced by allowing the deposition to go forward. Plaintiff, on the other hand, could sustain prejudice if the results of Dotterer's study have not been published and one of Defendants' experts relied upon the study in formulating his opinion.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to Depose Undisclosed Fact Witness Laura Dotterer (filing 95) is granted. Plaintiff is directed to take Ms. Dotterer's deposition within thirty days of this order.

2. Defendants' Motion for Protective Order (filing 120) is denied.

**DATED June 8, 2012.**

                                    **BY THE COURT:**

                                    **S/ F.A. Gossett**
                                    **United States Magistrate Judge**