IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARGILL, INCORPORATED, | ) | 8:11CV81 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| KURT KROEGER, | ) | |
| KATHY KROEGER, and | ) | |
| H & M FARMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Cargill, Incorporated, has filed a motion in limine and motion for sanctions (filing 182) to exclude the supplemental report of Dr. A. Dale Flowerday and [Defendant] Kurt Kroeger and any evidence related to the non-disclosed 2012 study conducted by the defendants, including Defendants' Trial Exhibit Nos. 462-465. The plaintiff's motion will be granted.

The supplemental report was prepared following an "August 21, 2012 visit of A. Dale Flowerday to H & M Farms, Dannebrog, Nebraska, and includ[es] additional data gathered at Dr. Flowerday's direction by Mr. Kroeger on August 26, 2012." (Filing 184-1 at 1) According to the report, Dr. Flowerday and Mr. Kroeger were tasked to:

1. Evaluate the efficiency of remedial treatments to correct Mn [manganese] toxicity
2. Determine 2012 yield projections for H & M Farms' corn fields
3. Examine and evaluate Manganese test plot

(*Id.*) The test plot was established "prior to planting the 2012 corn crop." (*Id.* at 2) Documents indicate that Dr. Flowerday, Mr. Kroeger, and another of the defendants' experts, Mark Reed Hinze, were all present for the plot setup on April 11, 2012. (*Id.*

at 8) Cargill did not learn of the test plot until August 31, 2012, when it received from the defendants' attorneys 190 photos and several pages of notes (plus additional photos) documenting the 4½-month-long test. It was served with the supplemental report on September 4, 2012, less than 2 weeks before the scheduled start of trial. Cargill rightfully complains about the lateness of the defendants' disclosure.

Under the court's progression schedule, Rule 26(a)(2) expert witness reports, including any supplemental reports, were due by January 23, 2012,[1] and the parties were instructed that "[t]he testimony of the expert at trial shall be limited to the information disclosed in accordance with this [schedule]." (Filing 55, ¶ 3; filing 70)[2] Also, the deadline for exchanging exhibit lists was August 3, 2012. (Filing 55, ¶ 4c)

In interrogatories the defendants were specifically asked to "[d]escribe each inspection of your fields by each witness you disclose in this lawsuit" and to "[d]escribe any test conducted on your field from 2005 to present." (Filing 184-5 at 4, 7). The defendants answered these interrogatories on July 18, 2011, but failed to supplement their answers to disclose the inspections and testing that were performed during 2012, as reflected in the supplemental report and supporting documentation. This was a violation of Federal Rule of Civil Procedure 26(e), and, as a result, the defendants are "not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). The failure is not harmless because Cargill has been denied the opportunity to conduct discovery and to develop evidence to rebut the supplemental report. Nor have the defendants shown that their failure to provide supplemental answers was substantially justified. The defendants

---

[1] The deadline for disclosing expert rebuttal testimony was February 17, 2012. (Filing 55)

[2] One of Cargill's experts, Dr. James Schepers, was permitted to provide a supplemental report on March 30, 2012, the discovery deadline date, but he only corrected a statement of fact contained in his original report (*i.e.*, stating that the implement associated with the damaged crop generated an arc with a *diameter* of 72 feet instead of a *radius* of 72 feet). *See* Order entered June 5, 2012 (filing 140).

merely argue that they interpreted the interrogatories very narrowly and, in any event, that they were under no obligation to inform Cargill about the test plot until after the results were known. The defendants now contend that the interrogatories are overly broad and unduly burdensome, and touch upon trial preparation activities, but they did not interpose these objections in a timely manner. *See* Fed.R.Civ.P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")

Accordingly,

IT IS ORDERED that Plaintiff's motion in limine and motion for sanctions (filing 182) is granted, and that Defendants shall be precluded from using any information contained in the supplemental report of Dr. A. Dale Flowerday and Kurt Kroeger and any evidence related to the non-disclosed 2012 study conducted by Defendants, including Defendants' Trial Exhibit Nos. 462-465.

September 12, 2012. BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge