IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARGILL, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV81 |
| | ) | |
| V. | ) | |
| | ) | |
| KURT KROEGER, KATHY KROEGER, and H & M FARMS, INC., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

There are several motions in limine pending and one contains several parts. The motions are relatively complex. I have considered the motions in limine and the briefs filed in regard to those motions. Rather than waiting until the first day of trial to rule upon the motions as is my normal practice when dealing with run-of-the-mill motions, I now rule on those relatively more complex motions so that counsel may be better prepared as trial begins.[1]  With the foregoing in mind,

IT IS ORDERED that:

**Filing 157**, Defendants' motion in limine to exclude:

1.  Any evidence of contracts between Cargill and H & M Farms for the sale of grain (e.g. Tr. Ex. 33), including any prices stated therein.

    Grounds: Relevancy, Rule 403.

---

[1] Even though the argument summaries as set forth in this order may not include every point that was advanced by the parties for and against each motion in limine, I have carefully considered all of their arguments in making my rulings.

        Arguments For: Measure of damages for crop loss is based on market price, not on price previously contracted for with Cargill. H&M Farms would be prejudiced because grain contracts (as to which H&M did not make delivery) are in arbitration, with Cargill claiming as damages difference between contract price and market price.

        Arguments Against: Contract price reflects market price. Non-delivery is evidence that defendants intended to breach finance agreement.

        **Ruling: Objection sustained. Only market price relevant. Defendants' intention not relevant to Cargill's breach of contract claim.**

2. Contingent upon exclusion of the foregoing, any evidence of arbitration proceedings between Cargill and H & M Farms relating to said grain contracts.

        Grounds: Relevancy.

        **Ruling: Objection sustained.**

3. Any reference to crop insurance or suggestion that H & M Farms was, or would be, compensated by crop insurance for losses which are the subject of this action, including exclusion of exhibits 38, 39, and 40A.

        Grounds: Relevancy, Rule 403.

        Arguments Against: Exhibits provide evidence of past yields.

        **Ruling: Objection sustained in part and denied in part. Court will allow redacted exhibits showing past yields.**

4. Evidence regarding a demonstration plot prepared by Laura Dotterer, a University of Nebraska extension summer intern in 2011.

        Grounds: Relevancy, Rule 403.

    Arguments For: Demonstration plot not substantially similar to H&M's fields.

    Arguments Against: One of defendants' experts, Mark Hinze, relied on these test plot results. Dotterer is not an expert so Rule 702 is inapplicable.

    **Ruling: Objection overruled, subject to revision at trial.**

**Filing 160**, Cargill's first motion in limine to exclude damages and all evidence or allegations of crop loss before the 2010 crop year.

    Grounds: Relevancy.

    Arguments For: Not pleaded. Not supported by expert testimony.

    Arguments Against: Not claiming damages, but defendants must be permitted to show depressed yields for prior years since damage calculations are based on historical data. There is expert support.

    **Ruling: Objection sustained in part and denied in parted. Objection sustained as to proof of damages, but otherwise overruled to show depressed yields (subject to satisfactory proof at trial).**

**Filing 162**, Cargill's second motion in limine to exclude parol evidence.

    Arguments For: Parties' contracts are fully integrated, including: Tr. Ex. 2, 3 (full financing agreement); Tr. Ex. 4, 7 (parties' forward priced contracts for liquid fertilizer); Tr. Ex. 5-6 (parties' dry fertilizer contracts); Tr. Ex. 18-19 (parties' grid soil sampling contracts); Ex. 8 (parties' Glyphosate contract).

    Arguments Against: There was no fully integrated agreement. Parol evidence about Cargill agreeing to provide advisory services is not inconsistent with contract language.

    **Ruling: Objection overruled, subject to revision at trial.**

**Filing 164**, Cargill's third motion in limine to exclude expert witnesses.

**Denied on August 27 (filing 173)**.

**Filing 166**, Cargill's fourth motion in limine to exclude evidence of alleged damages claimed by H & M Farms, Inc.

> Arguments For: Damages claimed for crop loss and soil repair costs are speculative and conjectural.
>
> Arguments Against: Damages are consistent with Nebraska law and supported by evidence.
>
> **Ruling: Objection overruled, subject to revision at trial.**

**Filing 168**, Cargill's fifth motion in limine to exclude testimony from defendants' neighbors.

> Grounds: Lack of personal knowledge, not qualified as experts. Relevancy, Rule 403.
>
> Arguments Against: Production of neighboring fields is evidence jury may consider in determining amount of crop loss. Neighbors will also contradict Cargill's claim there was excessive rain.
>
> **Ruling: Objection overruled, subject to revision at trial.**

**Filing 170**, Cargill's sixth motion in limine to exclude books and studies listed by defendants as trial exhibits (Exhibits 422-440, 447-452 and 456-457).

> Grounds: Relevancy, hearsay.
>
> Arguments Against: Statements admissible under Rule 803.
>
> **Ruling: Objection sustained in part and denied in part. Objection sustained as to use of books and studies as trial exhibits, but denied as to reading of statements if relevant.**

**Filing 182**, Cargill's seventh motion in limine to exclude information contained in supplemental report and evidence related to non-disclosed 2012 test study.

**<u>Granted</u> on September 12 (filing 197).**

DATED this 13th day of September, 2012.

> BY THE COURT:
>
> *Richard G. Kopf*
> Senior United States District Judge